UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRAVIS RHOTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-319-CMS |
| ) | |
| MARTIN O'MALLEY, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Travis Rhoton seeks judicial review of the denial by the Social Security Administration ("SSA") of his application for supplemental security income ("SSI"). The Commissioner has filed the Administrative Record ("AR"), Doc. 5, and both parties have briefed their positions, Docs. 11, 22, 23.[1] For the reasons set forth below, the Court affirms the Commissioner's decision.

## I.   Procedural Background

Initially and on reconsideration, the SSA denied Plaintiff's application for SSI benefits. On January 28, 2022, an Administrative Law Judge ("ALJ") issued an unfavorable decision finding Plaintiff not disabled and, therefore, not entitled to SSI. AR 16-32. The Appeals Council denied Plaintiff's request for review. AR 5-9. Accordingly, the ALJ's decision constitutes the Commissioner's final decision.

---

[1] Citations to the parties' briefs reference the Court's ECF pagination. Citations to the AR reference the document's original pagination.

## II.     The ALJ's Decision

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step process); *see also* 20 C.F.R. § 416.920 (same). The ALJ first determined Plaintiff had not engaged in substantial gainful activity since his application date of April 13, 2020. AR 21. At step two, the ALJ determined Plaintiff had the severe impairment of fractures of a lower extremity (foot) and various non-severe impairments including, as relevant here, anxiety disorder and depressive disorder. AR 21-22. At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. AR 22-23.

The ALJ next determined Plaintiff's residual functional capacity ("RFC"). AR 23-27. At step four, the ALJ determined Plaintiff had no past relevant work. AR 27. Moving on to the final step and relying on the vocational expert's ("VE") testimony, the ALJ found Plaintiff can perform other work existing in significant numbers in the national economy. AR 27-28. Therefore, the ALJ concluded that Plaintiff is not disabled for purposes of the Social Security Act. AR 28.

## III.    Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Noreja v. Comm'r, SSA*, 952 F.3d 1172, 1177 (10th Cir. 2020). Under such review, "common sense, not technical perfection, is [the Court's] guide." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

In reviewing the agency's factual findings, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency[,]" *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015), but instead it "looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations," *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (cleaned up). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103 (internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Noreja*, 952 F.3d at 1178 (internal quotation marks omitted). In addition to a lack of substantial evidence, "the agency's failure to apply the correct legal standards, or show [the Court] that it has done so, is also grounds for reversal." *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004).

**IV.   Analysis**

Plaintiff alleges that the ALJ failed to properly consider all of his "proven impairments and limitations" when determining his RFC and when formulating the hypothetical question to the VE. Plaintiff's Brief, Doc. 11, at 6.[2] Plaintiff specifically asserts that the ALJ failed to include limitations for his "anxiety and depression and his need for psychotherapeutic medications." Pl.'s Br. at 9. In support of his contention that

---

[2] Plaintiff initially also alleged that the ALJ erred in relying on an insufficient number of jobs at step five of the sequential evaluation process. Pl.'s Br. at 6, 11-13. Plaintiff later withdrew that argument, Doc. 23 at 4, so the Court does not address it.

the ALJ erred in failing to include these limitations, Plaintiff cites to three portions of the record: (1) function reports; (2) medical records indicating diagnoses of anxiety and depression; and (3) the ALJ's findings at step two of the sequential evaluation process. Pl.'s Br. at 7, 9.

"The burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability." *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004). "[A] claimant cannot simply allege he has an impairment; he must show how the impairment results in functional limitations." *B.A.Y. v. Comm'r, SSA*, No. 23-1265, 2024 WL 2844697, at *3 (10th Cir. June 5, 2024) (citing to *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004)). Plaintiff has the burden to provide evidence of work-related limitations due to his mental health impairments, yet none of the evidence Plaintiff cites supports his arguments that the ALJ erred.

### A. Plaintiff has not established error in the RFC determination.

#### 1. Function reports

Plaintiff first attempts to support his claims of limitations relating to anxiety and depression by pointing to function reports, two of which were completed by Plaintiff and two by Plaintiff's friend Alida Lane/Blocker. Pl.'s Br. at 7 (citing AR 223, 225-26, 243, 246, 275, 278, 283). Plaintiff relies on these function reports to show that:

- he needs reminders to take medicine;
- he misses due dates for bills;
- he has problems getting along with his father;

4

- he has difficulty completing tasks;
- he has difficulty concentrating; and
- his anxiety disorder limits his ability to work with others or the public.

After considering these function reports, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 24 (citing AR 221-28, 241-48, 270-77, 278-85); *see also* SSR 16-3p, 2017 WL 5180304, at *4 (Oct. 25, 2017) (explaining that evaluation of claimed symptom-related limitations requires consideration of "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record"). The ALJ then discussed medical evidence of record that she found inconsistent with Plaintiff's statements of limitations. AR 24-26. The ALJ additionally discussed evidence from Plaintiff's hearing testimony and the function reports that she found inconsistent with these statements. AR 25, 26-27.

Plaintiff does not challenge either the ALJ's evaluation of his symptom-related limitations or the conclusion that his claims of limitations were not consistent with the record. Instead, Plaintiff argues only that the ALJ did not properly consider his "proven impairments and limitations." Pl.'s Br. at 7. Plaintiff has not established that the function

reports he relies on "prove[]" his claimed limitations and, accordingly, Plaintiff has not established that the ALJ erred in her consideration of this evidence.

### 2. Diagnoses

Plaintiff next attempts to support his claims of anxiety and depression-related limitations by pointing to medical records. Pl.'s Br. at 9 (citing AR 337-38, 454-62, 972-75, 994-98). These records, however, indicate only diagnoses of anxiety and depression; they do not reflect any work-related limitations. *See* AR 337-38, 454-62, 972-75, 994-98. And it is not the diagnosis, but resultant functional limitations, that the ALJ uses to formulate a claimant's RFC. 42 U.S.C. § 1382c(a)(3)(B); 20 C.F.R. § 416.945; *Paulsen v. Colvin*, 665 F. App'x 660, 668 (10th Cir. 2016) ("Diagnosis of a condition does not automatically mean that the claimant is disabled; what matters is whether the condition results in work-related limitations." (citing *Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988))). As such, Plaintiff has not shown that the medical records he relies on establish any functional limitations that the ALJ failed to consider.

### 3. Step-Two findings

Finally, Plaintiff points to the ALJ's findings at step two of the sequential evaluation process, arguing that the ALJ ignored "her own findings." Pl.'s Br. at 9 (citing AR 22). At step two, in determining whether Plaintiff had a severe impairment, the ALJ considered the severity of Plaintiff's mental impairments and concluded they were non-severe. AR 21-22. In making this determination, the ALJ evaluated what are known as "paragraph B" criteria related to understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing

6

oneself.  AR 22; *see also* 20 C.F.R. pt. 404, subpart P app. 1 §§ 12.04(B) (depressive disorders), 12.06(B) (anxiety disorders).  In doing so, the ALJ found that Plaintiff had mild limitations in all areas.  AR 22.

Plaintiff argues that the ALJ ignored these findings in her RFC determination.  But as explained by the ALJ, the limitations found at step two of the sequential evaluation do not necessarily translate into functional limitations in an RFC assessment:

> The limitations identified in the "paragraph B" criteria are not [an RFC] assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process.  The mental [RFC] assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment.  The following [RFC] assessment reflects the degree of limitation I have found in the "paragraph B" mental function analysis.

AR 22; *see also* SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996) ("The adjudicator must remember that the limitations identified in the 'paragraph B' . . . criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process.").  The Tenth Circuit has rejected the argument that an ALJ must explicitly incorporate mild or moderate mental limitations found at steps two and three into the RFC assessment.  *See Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015) ("The ALJ's finding of a moderate limitation in concentration, persistence, or pace at step three does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment." (citing SSR 96-8p)); *Suttles v. Colvin*, 543 F. App'x 824, 826-27 (10th Cir. 2013) (discussing Tenth Circuit caselaw "that mental limitations noted in the threshold inquiry at steps two and three do not apply at later steps").

While an ALJ may not substitute a step-two finding of non-severity for evaluation of non-severe impairments when determining the RFC, *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013), that is not what the ALJ did here. Indeed, the ALJ thoroughly discussed Plaintiff's non-severe mental impairments in her RFC determination:

> [Plaintiff] also has nonsevere mental health impairments. [Plaintiff] sought fairly minimal treatment for any mental health concerns during the relevant time period. Mental status examinations were often normal, with appropriate mood/affect, intact concentration and memory, appropriate grooming and hygiene, normal speech, intact cognition and thought process, and normal insight and judgment. At times, [Plaintiff] had some depressed or anxious moods, but overall, his mental health concerns were minimally discussed throughout the record.
>
> [Plaintiff] has been treated relatively conservatively. . . . [H]e was prescribed . . . mental health medications. . . .
>
> Despite [Plaintiff's] impairments, he has been able to perform a variety of activities. At the hearing, [Plaintiff] testified he could drive. He lives with his father. He can manage his own finances. He attends church regularly and engages in social activities with friends. He enjoys reading, playing guitar, and drawing. He can maintain his personal care and hygiene tasks. He can prepare meals, clean, do laundry, and wash dishes. He also takes care of a pet cat. The evidence indicated he worked out at the gym. He spoke with friends or family multiple times per week. Finally, the function reports indicated [Plaintiff] was able to perform most personal care tasks, read, meditate, watch the news, cook, do laundry, use public transportation, shop by computer, play guitar at church, draw, take care of pets, and engage in social activities.
>
> . . .
>
> In this case, [Plaintiff's] records were reviewed by state Agency doctors Brian Snider, Ph.D., David Coffman, M.D., Ryan Scott, Ph.D., and Karl Boatman, M.D. Drs. Snider and Scott determined there was no severe mental impairment. This finding is persuasive. This finding is supported by the narration provided and consistent with the record. The evidence indicated [Plaintiff] was prescribed mental health medication but he did not seek significant or ongoing mental health treatment beyond obtaining medication from general providers. He also routinely had normal mental status examinations.

> . . .
>
> Finally, [Plaintiff's] friend, Alida Lane/Blocker, completed two third party function reports. I have considered the third-party statements in the record as "evidence from non-medical sources." These statements do not establish disability for the same reason that [Plaintiff's] subjective statements do not. Additionally, her statements are not fully consistent with treatment records and examination findings as discussed throughout this decision.

AR 25-27 (internal citations omitted).

Record evidence supports the ALJ's RFC determination. Accordingly, Plaintiff has not shown error in that determination.

### B.     Plaintiff has not established error in the hypothetical question to the VE.

An ALJ's hypothetical question to the VE "must reflect with precision all of [a claimant's] impairments," *Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996), but such question is sufficient if "it contain[s] all of the limitations found to exist by the ALJ," *Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000). As set forth above, the ALJ was not required to include in the RFC limitations for Plaintiff's mental impairments; accordingly, she also was not required to include such limitations in her hypothetical question to the VE. And when a hypothetical question "reflect[s] impairments and limitations that are borne out by the evidentiary record," a VE's testimony in response provides substantial evidence to support the ALJ's step-five determination. *Decker*, 86 F.3d at 955; *accord Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000). Plaintiff has not shown error in the ALJ's hypothetical question to the VE or in the ALJ's acceptance of the VE's testimony in response to the question.

9

## V.     Conclusion

Plaintiff's administrative record contains substantial evidence to support the ALJ's RFC determination and her hypothetical question to the VE.  Even if, as Plaintiff claims, evidence in the record could support additional limitations in the RFC, such evidence does not preclude the ALJ's findings from being supported by substantial evidence.  *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." (internal quotation marks omitted)); *Qualls*, 206 F.3d at 1371 ("In conducting [its] review, [a court] may neither reweigh the evidence nor substitute [its] judgment for that of the Commissioner.").

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**.  A separate judgment shall be entered.

**IT IS SO ORDERED** this 31st day of October, 2024.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE